IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:17-cv-482

BOULDER ADVANCED INVESTMENTS, LLC

    **Plaintiff,**

v.

CONIFER INSURANCE COMPANY,

    **Defendant.**

---

## COMPLAINT AND JURY DEMAND

COMES NOW, BOULDER ADVANCED INVESTMENTS, LLC. ("BOULDER INVESTMENTS"), by and through its counsel, David Pettinato, Esquire and William Harris, Esquire, of Merlin Law Group, P.A., and submits its Complaint against CONIFER INSURANCE COMPANY ("CONIFER") and in support of its Complaint, alleges and avers as follows:

## I.    NATURE OF CLAIMS

1.    BOULDER INVESTMENTS brings this action seeking economic and non-economic damages related to CONIFER'S breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith breach of insurance contract, arising from CONIFER'S unreasonable delay and failure to pay in full covered benefits due and owing to BOULDER INVESTMENTS under insurance policy.

## II.  JURISDICTION AND VENUE

2.    The amount claimed and in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of attorney fees, costs, and interests.

3.    BOULDER INVESTMENTS is a Colorado Limited Liability Company, with its principal place of business located as P.O. Box 5300, 90 Benchmark Road, Suite No. 207 in Avon, Colorado 81620.  BOULDER INVESTMENTS own a commercial building wherein it leases out the building to a tenant, Karing Kind, LLC, with its principal place of business located at 5854 Rawhide Court, Boulder, Colorado, that operates a business of legally cultivating and selling recreational marijuana in addition to manufacturing and selling marijuana infused products (MIP).

4.    Upon information and belief, CONIFER is a foreign corporation, incorporated in the State of Michigan, located at 550 West Merrill Street, Ste. 200, Birmingham, MI 48009. CONIFER is licensed and authorized to transact business and to issue insurance policies in the State of Colorado.

5.    This Court has jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists and this matter exceeds the jurisdictional threshold of this Court.  Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) because the property at issue is located in this District and the events giving rise to this action occurred in this District.

### III. <u>FACTUAL ALLEGATIONS</u>

6.    This is an insurance case arising from CONIFER refusing to provide full benefits to BOULDER INVESTMENTS based on CONIFER'S wrongful investigation.

7.    BOULDER INVESTMENTS sought and obtained an "All Risk" Commercial Insurance Policy, Policy No. BKS CICP012914 (the "Policy") for its property.  The Policy period was from February 22, 2016, to February 22, 2017.   BOULDER INVESTMENTS invested in this insurance product and service from CONIFER for coverage intended to protect the insured property from certain property and casualty perils.  (See attached Exhibit "A").

8.    An "All Risk" insurance policy has been defined as one that provides coverage for all direct losses not otherwise excluded.   Initially, BOULDER INVESTMENTS is seeking to recover under an "All Risk" insurance policy have the burden of proving that the insured property was damaged and that the loss was fortuitous or accidental, and once they establish a loss apparently within the terms of the "All Risk" policy, the burden then shifts to CONIFER to prove that the loss arose from a cause(s) which is excepted.  Therefore, it is CONIFER'S burden of proof to prove that the loss or damage arose from a specifically excluded cause or causes.

9.    The Policy is a Replacement Cost Value ("RCV") policy and covers loss to the Insured Property.

10.  Damages from a wind and/or hail, and ensuing damages as a direct result thereof, are covered damages under the Policy.

11.  BOULDER INVESTMENTS purchased coverage benefits from CONIFER by making premium payments.

- 3 -

12. In exchange for the premiums paid by BOULDER INVESTMENTS, CONIFER promised to timely perform according to the terms and provisions of the Policy.

13. On or about June 6, 2016, during the Policy period, a wind and hail storm ("storm") occurred at/near the insured property resulting in significant damage to the property.

14. The damage from the storm constituted a covered loss under the CONIFER Policy.

15. BOULDER INVESTMENTS timely reported the covered loss and damage to CONIFER through the insurance agent, Neal Hirsch with Prince Insurance Group, and made a claim for the loss and damage to the insured property. Claim number CP1602647 was assigned to the claim.

16. Upon receipt of the claim, CONIFER retained Claims Consultants LLC to investigate the damage and prepare a report.

17. CONIFER also retained one of its preferred vendors, Donan Engineering Company, to inspect the property and prepare a report.

18. Upon information and belief, on July 27, 2016, one of the preferred vendor's engineers, Michael R. Stark, P.E with Donan Engineering Company, inspected the loss and reported at the time of the inspection, "the tenants have not reported any roof leaks or interior water intrusion within the building as originally reported," but this was not true. (See attached Exhibit "B"). Mr. Stark therefore unreasonably focused his inspection as to only the exterior of the building.

19. CONIFER used preferred vendors here, as expectation bias is a well-established phenomenon that occurs in scientific analysis when investigations by preferred vendors reach a premature conclusion without having examined or considered all of the relevant data, instead

- 4 -

collecting and examining all of the data in a logical and unbiased manner to reach a scientifically reliable conclusion, the preferred vendors use the premature determination to dictate an investigative process, analyses and ultimately conclusions in a way that is not scientifically valid.

20.  On August 15, 2016, CONIFER acknowledged coverage.  (See attached Exhibit "B").

21.  On August 15, 2016, CONIFER denied it owed any insurance benefits to BOULDER INVESTMENTS for a multitude of reasons, for example - the damages did not exceed the deductible, the acknowledged damages were not "functional damage", wear & tear, etc.  (See attached Exhibit "B").  CONIFER cited to an alleged Donan Engineering Company report and damage estimate in support of its coverage decision, but refused to produce a copy of each to BOULDER INVESTMENTS, even after multiple requests had been made by BOULDER INVESTMENTS.

22.  On September 20, 2016, BOULDER INVESTMENTS retained the services of an insurance claims professional, Solutia Adjusters, to assist it in the submission of its insurance claim.

23.  On October 20, 2016, Solutia Adjusters, prepared an estimate in the amount of $125,171.45 ("RCV") and $6,262.08 for business personal contents; and provided the same to CONIFER.  (See attached Exhibit "C").

24.  On November 14, 2016, BOULDER INVESTMENTS submitted a properly executed Sworn Statement in Proof of Loss in the amount of $131,433.53 to CONIFER.  (See attached Exhibit "D").

25.  To date, CONFIER has not paid BOULDER INVESTMENTS claim in full.

26.  CONIFER failed to properly investigate and adjust BOULDER INVESTMENTS' loss.

27.  CONIFER'S conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences to its insured.

28.  CONIFER knew or should have known that its actions described above were unreasonable.  CONIFER acted unreasonably and with knowledge of or reckless disregard of its unreasonableness, and caused damages that resulted from its bad faith.

29.  CONIFER is contractually and statutorily required to timely tender owed insurance benefits.

30.  BOULDER INVESTMENTS has provided CONIFER with all requested documents and information needed for CONIFER to tender owed insurance benefits.

31.  BOULDER INVESTMENTS has provided CONIFER access to the insured property for inspection so that CONIFER may be able to tender owed insurance benefits.

32.  BOULDER INVESTMENTS has cooperated with all reasonable and relevant requests made by CONIFER in its investigation of the loss.

33.  CONIFER has a contractual obligation to make a perfunctory investigation, not ignoring evidence that would support BOULDER INVESTMENTS' claim.

34.  CONIFER has a contractual obligation not to look the other way when confronted with facts revealing the possibility of coverage and resisting reasonable interpretations of its policy.

35.  CONIFER has a contractual obligation not deny the claim based on standards known to be impermissible or on an interpretation contrary to established law.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

36.  BOULDER INVESTMENTS herein incorporates the above allegations 1-35 as though fully set forth herein.

37.  As set forth above, BOULDER INVESTMENTS and CONIFER entered into a valid, binding and enforceable contract for insurance covering the loss alleged herein.

38.  BOULDER INVESTMENTS had fully complied with all the provisions of the contract, including without limitation, paying premiums in a timely fashion and complying with all provisions governing claims and loss.  Alternatively, such conditions precedent have been waived or are excused from performance as a result of the acts, representations, omissions, and/or conduct of CONIFER.

39. It is CONIFER'S duty to pay for the full loss and damage to BOULDER INVESTMENTS' property, as a result of this undisputed covered loss, but it has failed to do so.

40.  CONIFER'S failure to pay BOULDER INVESTMENTS' claim constitutes a breach of the insurance contract and is a breach of BOULDER INVESTMENTS' reasonable expectations concerning the coverage it would receive under the Policy.

41.  CONIFER'S refusal to appropriately value the loss constitutes a breach of the insurance contract and is a breach of BOULDER INVESTMENTS' reasonable expectations concerning the coverage it would receive under the Policy.

42.  CONIFER'S failure to conduct a reasonable investigation, failure to appropriately value the loss, and failure to fully pay covered policy benefits constitute breaches of the insurance contract.

- 7 -

43. CONIFER has underpaid the contractual benefits due and owing to BOULDER INVESTMENTS despite repeated requests for full payment from BOULDER INVESTMENTS' representatives, it has denied BOULDER INVESTMENTS the benefit of its bargain, and it has breached the insurance contract in doing so.

44. As a proximate result of CONIFER'S breaches, BOULDER INVESTMENTS has suffered and continues to suffer damages, including the full amount owed for its claim, both real and personal, together with pre-judgment interest at the highest rate allowed by law, and its reasonable attorneys' fees and costs as allowed by law.

## SECOND CLAIM FOR RELIEF
**(Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)**

45. BOULDER INVESTMENTS herein incorporates the above allegations 1-35 and 37-44 as though fully set forth herein.

46. BOULDER INVESTMENTS suffered a loss to property covered by the Policy, and it submitted a claim to CONIFER for that loss.

47. The claimed loss and damages submitted by BOULDER INVESTMENTS is covered by the Policy and BOULDER INVESTMENTS is owed the full benefits under the CONIFER Policy.

48. CONIFER has refused to pay for the full scope of damages.

49.  CONIFER has delayed and failed to pay the full covered benefits without a reasonable basis for its actions and continues to delay and refuse to pay covered benefits without a reasonable basis for its actions.

50.  The position taken by CONIFER deprives BOULDER INVESTMENTS of covered benefits since the position asserted by CONIFER lacks a reasonable basis upon which to refuse payment of the full benefits that are due and owing under the Policy for this loss.

51.  Misconstruing and failing to take the estimates and adjustments made by BOULDER INVESTMENTS' representatives into consideration when adjusting the claim and failing to properly address the reports and estimates submitted by BOULDER INVESTMENTS' representatives is unreasonable.

52.  CONIFER failed and/or refused to communicate, timely or otherwise, with BOULDER INVESTMENTS and its representatives was unreasonable.

53.  Due to the fact that CONIFER lacked a reasonable basis for which to underpay and/or refuse to pay the covered benefits and due to the fact that CONIFER has refused and continues to refuse to pay for the full damages, CONIFER is responsible to BOULDER INVESTMENTS for remedies as provided by C.R.S. § 10-3-1116 for its violation of C.R.S. § 10-3-1115.

54.  CONIFER conducted an improper, incomplete, and/or outcome-orientated investigation of the loss thereby damaging BOULDER INVESTMENT by delaying and/or denying benefits owed to BOULDER INVESTMENTS pursuant to the terms of their Policy.

55.  BOULDER INVESTMENTS is therefore entitled to two times the amount of covered benefits, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

## THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

56.  BOULDER INVESTMENTS herein incorporates the above allegations 1-35, 37-44 and 46-55 as though fully set forth herein.

57.  CONIFER had a duty to act reasonably and in good faith in handling BOULDER INVESTMENTS' claim and in the payment of BOULDER INVESTMENTS' insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claim submitted by BOULDER INVESTMENTS and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

58.  Pursuant to the Policy, CONIFER owed BOULDER INVESTMENTS the duty of good faith and fair dealing.

59.  CONIFER breached its duty to act reasonably and in good faith by, inter alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to appropriately value the entire loss; (3) favoring its interests to the exclusion of BOULDER INVESTMENTS; (4) failing to effectuate prompt, fair and equitable resolution of BOULDER INVESTMENTS' claims after liability had become clear; (5) conducting an incomplete, or outcome-oriented investigation of the loss; (6) not properly evaluating estimates and reports of the loss submitted to it by BOULDER INVESTMENTS' representatives; (7)

incorrectly valuing the claim; (8) compelling BOULDER INVESTMENTS to become involved in litigation to recover amounts due; and (9) otherwise unreasonably and improperly handling BOULDER INVESTMENTS' claim as provided for by C.R.S. § 10-3-1104.

60. CONIFER overlooked material facts and refused to conduct a thorough investigation in its adjustment of this claim.

61. CONIFER should have known that its conduct was unreasonable and/or CONIFER recklessly disregarded the fact that its conduct was unreasonable.

62. CONIFER'S conduct constitutes a breach of the covenant of good faith and fair dealing implied in every contract of insurance.

63. CONIFER'S bad faith has caused BOULDER INVESTMENTS to suffer and to continue to suffer damages, including out-of-pocket expenses, attorneys' fees and costs incurred in bringing this lawsuit, together with pre-judgment interest at the highest rate allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE, BOULDER INVESTMENTS** requests that this Court enter judgment in its favor and against CONIFER on its Claims for Relief as follows:

1. All unpaid covered benefits owed under the Policy;

2. Two times the amount of all covered benefits owed under the Policy;

3. Costs, expert witness fees, and attorneys' fees incurred in prosecuting its claims against CONIFER;

4.    Other damages resulting from CONIFER'S bad faith, including out-of-pocket expenses, compensatory damages, consequential damages, costs of ongoing damages resulting from CONIFER'S bad faith refusal to pay for the full loss and damage to BOULDER INVESTMENTS' property;

5.    Pre- and post-judgment interest; and

6.    For such other and further relief as this Court may deem just.

**BOULDER INVESTMENTS REQUESTS A JURY TRIAL BY SIX ON ALL ISSUES.**

Respectfully submitted this 23rd day of February, 2017.

MERLIN LAW GROUP

*/s/ David J. Pettinato*
**David J. Pettinato, Esquire**
**William C. Harris, Esquire**
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone: 813-229-1000
Facsimile: 813-229-3692
dpettinato@merlinlawgroup.com
charris@merlinlawgroup.com
*Attorneys for Plaintiff*